108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Elizabeth GORDON, Plaintiff-Appellant,
v.
BOARD OF EDUCATION FOR THE CITY OF NEW YORK, Defendant-Appellee.
 No. 96-9011.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 APPEARING FOR APPELLANT: ELIZABETH GORDON, PRO SE NEW YORK, NEW YORK
 APPEARING FOR APPELLEE: JOSEPH I. LAUER, ESQ. ASSISTANT CORPORATION COUNSEL, NEW YORK, NEW YORK
 PRESENT: JOHN M. WALKER, Jr., JOSEPH M. McLAUGHLIN, Circuit Judges, and DENNY CHIN,* District Judge.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Stein, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Plaintiff-appellant Elizabeth Gordon, who is proceeding pro se, appeals from a judgment of the district court entered on July 10, 1996 following a two day bench trial, dismissing her employment discrimination complaint, which was brought pursuant to 42 U.S.C. § 2000e-5 ("Title VII") and 42 U.S.C. § 1981. For the reasons stated in the district court's opinion, dated July 8, 1996, we agree that plaintiff has not established by a preponderance of the evidence that, by failing to appoint plaintiff to the position of Educational Director, defendant either discriminated against plaintiff on the basis of her race or retaliated against her on the basis of her claims of race discrimination. See Holt v. KMI-Continental, 95 F.3d 123, 130 (2d Cir.1996) (Title VII plaintiff cannot establish pretext by relying on her personal belief that she was the most qualified person for the position). We thus conclude that the district court's finding that plaintiff failed to prove discrimination was not clearly erroneous. See Fed.R.Civ.P. 52(a). We also find no merit to any of Gordon's claims of evidentiary error.
 
 
 3
 Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Denny Chin of the United States District Court for the Southern District of New York, sitting by designation